1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Peter Strojnik,                              | No. CV-21-00178-TUC-DCB (LAB)

10              Plaintiff,                        | **ORDER**

11  v.

12  Radisson Hotels International Incorporated,
    et al.,

13

14              Defendants.

15         Plaintiff has been designated a vexatious litigant. *Strojnik v. Driftwood Hospitality*

16  *Management LLC* (*Strojnik I*), 2021 WL 50456 (Ariz. 2021); CV 20-1532 PHX DJH (lead

17  case), CV 20-1434 PHX DJH (consolidated), TUC 20-343 PHX DJH (consolidated).

18  Pursuant to that designation, Judge Humetewa directed that any future actions shall be

19  screened for leave to file, and any action filed in state court and removed here shall be

20  screened and accompanied by a $10,000 bond. *Strojnik I*, 2021 WL 50456 at *11. Plaintiff

21  filed this action in state court, alleging as he did in the *Strojnik I* and other Strojnik cases

22  violations of the Americans with Disabilities Act (ADA).

23         As described by Judge Humetewa, Plaintiff has crossed the line too many times.

24  Instead of acting like an ADA tester, he brings frivolous, harassing, and "extortionate"

25  actions, with his most recent activities originating in state courts and being removed to the

26  federal courts. *Id.* *8 (citing *Advocs. for Individuals with Disabilities, LLC v. MidFirst*

27  *Bank* (*MidFirs*"), 279 F. Supp. 3d. 891, 893 (D. Ariz. 2017) (identifying 166 federal cases

28  and 1700 Arizona state cases). Judge Humetewa noted that "[m]any courts, reading 'Mr.

1  Strojnik's many complaints, have seen the same boiler-plate allegations and note Mr.

2  Strojnik's 'longstanding practice of failing to allege basic facts about standing, such as a

3  connection between a barrier and [his] disability.'" *Strognik I,* 2021 WL 50456 *5 (quoting

4  *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *11 (N.D. Cal. June 1, 2020)

5  (granting a motion to declare Mr. Strojnik a vexatious litigant, in part, because of his

6  continued failure to allege standing).

7        For reasons explained by Judge Humetewa, a two-prong approach was necessarily

8  crafted to prevent Strojnik's abusive behavior, with screening and the $10,000 bond to

9  address the extortionate nature of his filings. Many of Strojnik's victims simply pay his

10  extortionist settlement demands rather than bearing the costs of judicially defeating the

11  frivolous claims. "Therefore, the Court, [] increase[d] Mr. Strojnik's cost of filing frivolous

12  ADA cases by requiring that he post a bond for ADA cases that come before this Court."

13  *Id.* at 11. This is precisely what Strojnik failed to do. On May 13, 2021, Plaintiff was given

14  notice that unless he filed the bond, this case would be dismissed without further notice

15  and closed. (Order (Doc. 15)). Again, Plaintiff failed to post the bond. Instead, Plaintiff

16  requested a remand to the state court. (Doc. 16.)

17        Judge Humetewa, on reconsideration, addressed the issue of whether to remand or

18  dismiss the case. She found that remand would be futile and inefficient use of judicial

19  resources. *Strojnik v. Driftwood Hospitality Management LLC* (*Strojnik* II), 2021 WL

20  2454049 *1 (Ariz. June 22, 2021) (citing *Bell*, 922 F.2d at 1424–25 ("We do not believe

21  Congress intended to ignore the interest of efficient use of judicial resources."). Given the

22  vexatious nature of the case, Judge Humetewa, found remand would be futile and "nothing

23  on the record indicates that state court, or any court, would desire to address Mr. Strojnik's

24  frivolous claims." *Id.* (citing *Bell v. City of Kellog*, 922 F.2d 1418, 1425 (9th Cir. 1991). On

25  reconsideration, Judge Humetewa recognized that she could "not declare all future lawsuits

26  filed by Mr. Strojnik in state court and removed to federal court as futile." *Id.* She amended

27  her directive in future cases as follows: "if Mr. Strojnik fails to demonstrate standing or

28  otherwise meet federal pleading requirements, the Court shall dismiss or remand the case."

1   *Id.* at 2. Because Strojnik did not file the $10,000 bond, this issue is not before the Court.

2   Here, the Court dismisses the case because Plaintiff has failed to pay the $10,000 and failed

3   to comply with this Court's order that the bond be paid.

4       **Accordingly,**

5       **IT IS ORDERED** that the Motion for Remand (Doc. 16) is DENIED.

6       **IT IS FURTHER ORDERED** that the Motion for Defendant to Prove Removal

7   Jurisdiction (Doc. 9) is DENIED AS MOOT.

8       **IT IS FURTHER ORDERED** that pursuant to the Order (Doc. 15) of this Court,

9   this case shall be DISMISSED, and the Clerk of the Court shall close it.

10       Dated this 27th day of July, 2021.

11

12

13

14                                                           Honorable David C. Bury

15                                                           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28